IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| MILLIE J. PEARCE, | ) |
|        Plaintiff, | ) |
| v. | ) Case No. 5:12-cv-01999-TLW |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) |
|        Defendant. | ) |

# ORDER

On August 29, 2013, Plaintiff Millie J. Pearce brought a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the basis that the Commissioner's position in this action was not substantially justified. (Doc. #31). The motion seeks reimbursement for counsel's representation in the captioned matter in the amount of $3,544.00 for fees (representing 22.15 hours at a cost of $160.00 per hour) and $16.61 for expenses. The Commissioner filed a response in support of Plaintiff's motion on September 16, 2013, agreeing to pay the requested fees and expenses. (Doc. #32).

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). To determine whether the Commissioner was "substantially justified" in terminating social security benefits and thus whether an award of attorney's fees under the EAJA is warranted, the Court asks whether there was arguably substantial evidence to support the Commissioner's position. Anderson v. Heckler, 756 F.2d 1011 (4th Cir. 1984).

After careful consideration of the parties' filings, it is reasonable to conclude that the Commissioner's position was not substantially justified and that the requested fees and expenses should be awarded.  As noted, the Commissioner does not object to Plaintiff's motion for an award of fees.

Having reviewed the file and being fully advised, the Court hereby **ORDERS** that Plaintiff's Motion for an Award of Attorney's Fees under the Equal Access to Justice Act is **GRANTED**, and the Commissioner is ordered to award Plaintiff $3,544.00 in attorney's fees and $16.61 in expenses.  (Doc. #31).  Although the EAJA fee award should be paid to Plaintiff rather than to her attorney pursuant to <u>Astrue v. Ratliff</u>, 130 S. Ct. 2521, 2528-29 (2010), the check itself should be mailed directly to Plaintiff's attorney.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

September 5, 2014
Columbia, South Carolina